ANDREWS & THORNTON
2 Corporate Park, Suite 110
Irvine, California 92606
Phone: (949) 748-1000
Anne Andrews, Esq., SBN 103280
aa@andrewsthornton.com
John C. Thornton, Esq., SBN 84492
jct@andrewsthornton.com
Sean Thomas Higgins, SBN 266888
shiggins@andrewsthornton.com

BOHRER BRADY, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Phone: (225) 925-5297
Philip Bohrer (Pro Hac Vice to be filed)
phil@bohrerbrady.com
Scott E. Brady (Pro Hac Vice to be filed)
scott@bohrerbrady.com

KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70808
Telephone: (225) 383-3796
John P. Wolff, III (Pro Hac Vice to be filed)
jwolff@keoghcox.com
Christopher K. Jones (Pro Hac Vice to be filed)
cjones@keoghcox.com

***Attorneys for Plaintiffs***

1
CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIM PADDOCK, Individually and on Behalf of the Class, | ) ) ) | CIV NO.: 8:16-cv-00330 |
| Plaintiffs, | ) ) ) | **CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE** |
| v. | ) ) ) | **RELIEF** |
| LOANDEPOT, LLC, CROSS RIVER BANK, INC., and DOES 1-100, Inclusive, | ) ) ) ) | 1. Liability Pursuant to the TCPA 2. Vicarious Liability Pursuant to the TCPA |
| Defendants. | ) ) ) | |

**CLASS ACTION COMPLAINT FOR DAMAGES,**

**STATUTORY PENALTIES, AND INJUNCTIVE RELIEF**

Plaintiff, KIM PADDOCK, by and through her attorneys of records, brings

this class action on behalf of herself and all those similarly-situated against

Defendants LOANDEPOT, LLC, CROSS RIVER BANK, INC., and DOES 1-100,

Inclusive (collectively "Defendants").

**JURISDICTION AND VENUE**

1.      This Honorable Court is vested with jurisdiction over this action

pursuant to 28 U.S.C. §1331 as this Complaint is brought pursuant to the

Telephone Consumer Protection Act of 1991 (47 U.S.C. §227) (TCPA or Act).

The TCPA expressly creates a private right of action for damages and injunctive

relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies.  47 U.S.C. 227(b)(3).

2.      In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

3.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b) because LoanDepot is domiciled in the Central District of California, and a substantial part of the events or omissions giving rise to the claim occurred in this District.  In particular, the phone calls that are the subject of this suit were made at the direction and for the benefit of Loan Depot, and the decisions to place these calls were made from its headquarters located in the Central District of California.

## NATURE OF THE CASE

4.      This suit asserts allegations that Defendants, LOANDEPOT, LLC ("LoanDepot") and CROSS RIVER BANK, INC. ("Cross River Bank"), violated the Telephone Consumer Protection Act (47 U.S.C. §227) (TCPA) with their marketing and advertising campaigns by placing phone calls to cellular telephones (or to a telephone number assigned to a service for which the called party is

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

charged for the call) using an artificial or prerecorded voice or an automatic telephone dialing system and equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. In particular, LoanDepot advertised its loan products by placing thousands of phone calls since October 16, 2013 using an artificial or prerecorded voice and automatic telephone dialing equipment to cellular phone subscribers without their prior express written consent. Cross River Bank extends credit for the loans advertised by LoanDepot, thereby subjecting it to liability for the calls that violate the TCPA. The placing of phone calls to cellular phone lines with automatic telephone dialing equipment without the recipient's written consent violates 47 U.S.C. §227(b)(1)(A).

5.     This suit is brought on behalf of all recipients of telephone calls placed by or on behalf of LoanDepot and/or Cross River Bank to the recipients' cellular telephones using an artificial or prerecorded voice or an automatic telephone dialing system since October 16, 2013.

6.     Plaintiff, on behalf of herself and a class of similarly-situated persons or legal entities, brings this suit under the TCPA for injunctive relief and an award of compensatory and statutory damages, together with costs, reasonable attorney's fees, and pre-judgment interest.

## DESCRIPTION OF THE PARTIES

4

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF

7.      Plaintiff KIM PADDOCK is a major individual domiciled in the County of Canyon, State of Idaho.  Plaintiff received multiple phone calls from Defendants LoanDepot and Cross River Bank on her cellular telephone since October 16, 2013 without giving her prior express written consent.

8.      Defendant LoanDepot is a domestic corporation headquartered in California with its principal place of business located at 26642 Towne Centre Drive, Foothill Ranch, California 92610.  LoanDepot transacts business in the State of California and is the leading national nonbank retail lender in the country with retail, consumer direct, wholesale, affinity and servicing operations.

9.      Defendant Cross River Bank is a foreign corporation headquartered in New Jersey with its principal place of business located at 885 Teaneck Road, Teaneck, New Jersey 07666.  Cross River Bank is a bank and lender that transacts business across the country, including California and this District.  Cross River Bank is and was regularly engaged in the business of underwriting, securing and issuing unsecured loans to LoanDepot's customers and as part of that business, either directly or indirectly, through third parties or related entities, underwrote, secured and issued tens of thousands of unsecured of loans for LoanDepot customers in interstate commerce and in California and attempted to perform such activities for Plaintiff and Class Members as herein alleged.

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

10.   The true names or capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who are therefore ignorant of the true names and sues said Defendants by such fictitious names. Plaintiffs believe and allege that each of the Defendants designated herein by fictitious names is in some manner legally responsible for the events and happenings herein referred to and caused damages proximately and foreseeably to Plaintiffs as alleged herein.

11.   At all times hereinafter alleged, "Defendants" include all herein named Defendants as well as Defendants DOES 1 through 100, inclusive.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

12.   In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.   The TCPA regulates, among other things, the use of automated telephone dialing systems, or autodialers. The plain language of Section 227(a)(1) defines an autodialer as equipment which has the capacity  (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  Further, the plain language of Sections 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless

6

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

phone number in the absence of an emergency or the prior express consent of the called party.

14.    According to findings by the Federal Communication Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, these calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15.    Equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, is sufficient to satisfy the statutory definition of an automatic telephone dialing system (ATDS), even if that capacity is not used. To require actual use of the equipment's capacity to store or produce numbers using a random or sequential generator would render the phrase which has the capacity mere surplusage.  Congress included a definition that provides that the equipment need only have *the capacity* to store or produce numbers.  Therefore, the plain text of the statute requires only the capacity for such random or sequential generation.  Accordingly, a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it to meet the definitions of ATDS.

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

16.     Thus, telephone calls made to wireless phone numbers placed using equipment with the capacity to meet the definition of an ATDS are expressly prohibited in the absence of the prior express consent of the subscriber.

17.     In addition, any call made to a cellular phone using an artificial or prerecorded voice without the prior express consent of the recipient is also a violation of the TCPA.

18.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on LoanDepot and Cross River Bank to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**Transmitting and Receipt of the Calls**

19.     At all relevant times, Plaintiff was a major individual residing in the State of Idaho. Plaintiff is, and at all times mentioned herein, a person as defined by 47 U.S.C. §153(32).

20.     LoanDepot and Cross River Bank made, or caused to be made, thousands of unsolicited phone calls advertising their services to Plaintiff and the Class.

21.     Defendants made phone calls to the cellular telephones of Plaintiff and the Class Members using an "automatic telephone dialing system" and an artificial or prerecorded voice as specified in 47 U.S.C. §227(b)(1)(A)(iii).

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF

22.    The complained of phone calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

23.    None of the recipients of these phone calls gave their "prior express consent" allowing Defendants to transmit the phone calls to them.

24.    Identical phone calls made using an "automatic telephone dialing system" and artificial or prerecorded voice were similarly sent on repeated occasions to other cellular phone numbers belonging to the members of the Class since October 16, 2013. None of those subscribers gave Defendants their prior express consent to receive the phone calls and they were not made for emergency purposes.  All of the phone calls advertised Defendants' loan services.

25.    Upon information and belief, many of the phone calls originated from the phone number "866-965-9011."  This phone number is subscribed to either by Defendants or by a company or companies retained by Defendants to transmit marketing calls or campaigns on their behalf.

26.    Plaintiff received at least seven (7) phone calls from Defendants.  The most recent phone calls received by Plaintiff were on February 11, 2016 at 4:11pm and at 7:04 pm. These calls originated from 208-369-4836 and resulted in a pre-recorded message left by  "Sarah Jordan" who was identified as a representative of LoanDepot. Thereafter Plaintiff received a call from "Jack" of

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

LoanDepot who called from 866-965-9011 for purposes of making Plaintiff a loan.

27.     Plaintiff also received calls on December 15, 2015 at 12:17 p.m., 1:44 p.m., 4:21 p.m. and 6:39 p.m.  Plaintiff then received  calls on December 16, 2015 at 7:53 p.m. and 7:54 PM.  The caller identified himself as "Nathan Hoffman" with LoanDepot. The purpose of these calls was to secure a loan for Plaintiff.

28.     These phone calls, and all of the others received by Plaintiff, and the putative class, were sent by the phone number 866-965-9011 or other numbers that utilize a local area code so recipients of the calls would be more likely to answer, in a process known as "spoofing.".  Upon information and belief, these phone numbers belong to LoanDepot or Cross River Bank, or a company retained by them to make these calls.

29.     The calls received by Plaintiff and transmitted by LoanDepot and Cross River Bank were sent to Plaintiff's cellular telephone and were sent without Plaintiff's prior consent.

30.     Similar or identical phone calls were made to thousands of cellular telephone numbers subscribed to the Class Members since October 16, 2013 in violation of the TCPA.  None of those subscribers gave Defendants their prior express written consent to receive the calls and they were not made for emergency purposes.

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF

31.     The phone calls made to the thousands of cellular telephone numbers subscribed to by the Class Members since October 16, 2013 caused each Class Member to sustain actual damages including costs associated with loss of use of their cellular phones, interruption of other usage of the cellular phones, nuisance, annoyance, invasion of privacy, additional costs incurred when the number of calls in a given month exceeds his cell phone data plan and/or the costs of minutes associated with his cell phone plan.

## CLASS ALLEGATION ALLEGATIONS

32.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on behalf of himself and the Class.

a.     <u>Definition of the proposed Class</u>:  All persons in the United States to whom LoanDepot and/or Cross River Bank made a call to their wireless phone using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention between October 16, 2013 and the present, and excluding those persons who provided prior express written consent to receive such calls. Excluded from the Class are all judges and Court personnel employed by the United States District Court for the Central District of California and all officers, directors and employees of Defendants.

b.     <u>Size of the proposed Class</u>: The Class consists of thousands of individuals and legal entities who are geographically dispersed making joinder

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendants' records, or the records of their representatives, including but not limited to the transmission logs.

c.    <u>Adequacy of representation by the representative</u>: Plaintiff will fairly and adequately represent and protect the interests of the respective Class Members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the respective Class Members, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the respective Class Members.

d.    <u>Commonality of the questions of law and fact</u>: Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(i)    Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A);

(ii)    Whether Defendants' phone calls were made for an emergency purpose;

(iii)    Whether Defendants obtained the phone call recipients' prior express written consent;

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF

(iv)    Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(v)    Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

(vi)    Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

e.    <u>Typicality of claims of the Class representative</u>: The claims of Plaintiff are typical of the claims of the class members. The claims of Plaintiff and the respective Class Members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to Plaintiff and the Class Members.

f.    <u>The Class meets the requirements of F.R.Civ.P.23(b)(3)</u>: The questions of law or fact common to the Class Members predominate over any questions relating to individual members and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy, in that:

(i.)    Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is thus superior to multiple individual actions or piecemeal litigation in that it

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

(ii.)   At present, on information and belief, there are no open, pending class actions brought by any members of the Class. Several similar class actions have been filed and settled on an individual basis and/or dismissed as to both individual and Class claims.

(iii.)   This forum is the ideal location to litigate the Class claims since the main Defendant, LoanDepot, is located and doing business in this District and the offending calls herein were originated from this District.

(iv.)   Plaintiff does not foresee any unusual difficulties in managing this Class at this time.

g.      Nature of notice contemplated: Plaintiff anticipates the following type of notice to the proposed Class: Direct mail notice utilizing a post card, email notice and a website. Plaintiff expects that Defendants have the capacity and ability to identify by name, address and possibly email address, all putative class members utilizing its internal records, call logs and databases.

33.    There are numerous questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3). The class members have a well-defined

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

community of interest. Defendants acted and failed to act on grounds generally applicable to Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

34.     This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(b). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## <u>COUNT I - LIABILITY PURSUANT TO THE TCPA</u>

35.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

36.     Defendants made, or caused to be made, calls to Plaintiff and the Class using an automatic telephone dialing system or artificial or prerecorded voice, within the meaning of 47 U.S.C. §227(a). The equipment used by Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants, or their agent, were capable of making thousands of calls to the subscribers of cellular phone numbers automatically without human intervention.

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

37.   These calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Class.

38.   Thus, Defendants violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone.

39.   Plaintiff received, most recently on February 11, 2016 and on other occasions phone calls made by or on behalf of LoanDepot and Cross River Bank on her cellular telephone.   The phone calls she received were made using an automatic telephone dialing system.

40.   Also, on December 15, 2015 and December 16, 2015, Plaintiff received at least six (6) other phone calls made by or on behalf of Defendants that were placed using an automatic telephone dialing system on her cellular telephone.

41.   Between October 16, 2013 and the present, Plaintiff has received a multitude of calls, as defined and set forth in 47 U.S.C. §227(b)(1)(A), made by or on behalf of automatic telephone dialing system on her cellular telephone.

42.   All of these calls were sent without Plaintiff's prior express written consent and in violation of 47 U.S.C. §227 *et seq.*

16

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF

43.    All of the calls were received by Plaintiff on her cellular telephone, which number ends in 6418. The costs for services for the cellular telephone number on which Plaintiff received the calls are paid by Plaintiff. Thus, Plaintiff incurs all of the costs associated with the receipt of the calls on that cellular telephone, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephone, and the invasion of privacy.

44.    Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C.A. §227 *et seq.*, specifically including 47 U.S.C. §227(b)(3)(A).

45.    Pursuant to 47 U.S.C. §227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

46.    Accordingly, as a proximate result of Defendants' conduct, the Class has incurred actual damages associated with the cost of the receipt of the phone calls, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipients privacy.

47.    Further, in the alternative, the Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing of the phone calls by Defendants.

48.    In addition, if the Court finds that Defendants willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF

award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. §227(b)(3).

49.     Additionally, the Class seeks injunctive relief requiring that Defendants be enjoined from placing or transmitting additional phone calls and text messages in violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(A).

## COUNT II – VICARIOUS LIABILITY PURSUANT TO THE TCPA

50.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

51.     Cross River Bank issues loans to LoanDepot's customers.  Thus, all calls placed by LoanDepot were made on behalf, at the direction, or for the benefit of Cross River Bank.  As such, Cross River Bank is vicariously liable (in addition and alternatively to its individual liability) for any violation of the TCPA committed by LoanDepot, as alleged herein.

## DEMAND FOR PRESERVATION

52.     Plaintiff also specifically demands that Defendants retain and preserve all records related to the allegations in this Complaint.  Specifically, Plaintiff demands for preservation includes, but is not limited to, the following documents and information:

(1)     Recordings and transcripts of all telephone calls made since October 16, 2013, with corresponding dates when those calls were placed;

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

(2)     Any and all training materials used for persons responsible for making telemarketing calls since October 16, 2013, with corresponding dates when those training materials were used;

(3)     List of all phone numbers to which telephone calls were made since October 16, 2013;

(4)     List of all persons or phone numbers who requested to opt-out of receiving telephone calls since October 16, 2013;

(5)     Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit telephone calls on your behalf;

(6)     Any proof Defendants contend shows that it obtained the prior express written consent of any recipient of the telephone calls;

(7)     Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of telephone calls sent by Defendants or on their behalf since October 16, 2013;

(8)     Copies of any and all policies or procedures implemented by Defendants with regard to the transmission of telemarketing phone calls, as well as marketing activities and restrictions;

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

(9)    Documents related to Defendants' cost for transmitting the telemarketing telephone calls placed by Defendant or on its behalf since October 16, 2013;

(10)   Documents related to the relationship between LoanDepot and Cross River Bank, including but not limited to any marketing or indemnity agreements; and

(11)   Demand is made on Defendants to notify any third parties or vendors retained by them to place telephone calls of this preservation demand and request production of any documents requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and as representative of all other persons similarly situated, prays for judgment against Defendants, as follows:

(1)    An Order certifying the Class under the appropriate provisions of F.R.C.P. 23, for notice to the class and appointing Plaintiff and her counsel to represent the Class;

(2)    For compensatory damages as alleged herein;

(3)    For statutory penalties as provided for under 47 U.S.C. §227(b)(3);

(4)    For an injunction restraining Defendants from making any more telephone calls to cellular telephone without prior express written consent

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF

using equipment meeting the definition of an Automatic Telephone Dialing System or an artificial or prerecorded voice;

(5)     For pre-judgment interest from the date of filing this suit;

(6)     For reasonable attorney's fees;

(7)     For all costs of this proceeding; and

(8)     For all general, special, and equitable relief to which Plaintiffs

and the members of the Class are entitled by law.

## **JURY DEMAND**

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,

BY: /s/ Sean Thomas Higgins

ANDREWS & THORNTON
2 Corporate Park, Suite 110
Irvine, California 92606
Phone: (949) 748-1000
Anne Andrews, Esq., SBN 103280
aa@andrewsthornton.com
John C. Thornton, Esq., SBN 84492
jct@andrewsthornton.com
Sean Thomas Higgins, SBN 266888
shiggins@andrewsthornton.com

BOHRER BRADY, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Phone: (225) 925-5297

21
CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES
AND INJUNCTIVE RELIEF

Philip Bohrer (Pro Hac Vice to be filed)
phil@bohrerbrady.com
Scott E. Brady (Pro Hac Vice to be filed)
scott@bohrerbrady.com

KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70808
Telephone: (225) 383-3796
John P. Wolff, III (Pro Hac Vice to be filed)
jwolff@keoghcox.com
Christopher K. Jones (Pro Hac Vice to be filed)
cjones@keoghcox.com

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES AND INJUNCTIVE RELIEF